IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| LAURA RIEDLE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:19-04180-CV-RK |
| ACTING COMMISSIONER OF SSA; | ) ) ) |
| Defendant. | ) ) ) |

**ORDER**

Before the Court is Plaintiff's appeal brought under 42 U.S.C. § 405(g) seeking review of Defendant Commissioner of Social Security Administration's ("SSA") denial of disability benefits as rendered in a decision by an Administrative Law Judge ("ALJ"). For the reasons below, the decision of the ALJ is **AFFIRMED**.

**Standard of Review**

The Court's review of the ALJ's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [ALJ's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account "evidence that detracts from the [ALJ's] decision as well as evidence that supports it." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (citing *Davis*, 239 F.3d at 966 (8th Cir. 2001)). The Court does not "re-weigh the evidence presented to the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court must "defer heavily to the findings and conclusions of the [ALJ]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

By way of overview, the ALJ determined that Plaintiff suffers from the following severe impairments: disorder of the lumbar spine, diabetes mellitus ("diabetes"), asthma, and obesity. However, the ALJ found that none of Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404, Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite her limitations, Plaintiff retained the residual functional capacity ("RFC") to perform light exertional work with the following limitations: Plaintiff can never climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; and she must avoid concentrated exposure to extreme cold, extreme heat, excessive humidity, excessive vibration and pulmonary irritants such as fumes, odors, dust and gases. Although the ALJ determined that Plaintiff is unable to perform any past relevant work, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, Plaintiff can perform jobs that exist in significant numbers in the national economy.

On appeal, Plaintiff argues the ALJ's RFC determination is not supported by substantial evidence because the ALJ improperly discounted the medical opinion of treating physician Dr. deGrange.[1]

An ALJ is required to weigh all medical source opinions and "always give good reasons for the weight given to a treating source's opinion." SSR 96-2p, 1996 WL 374188 at *5 (Soc. Sec. Admin. July 2, 1996). "The opinion of a treating physician is accorded special deference under the social security regulations [and] normally entitled to great weight." *Vossen v. Astrue*, 612 F.3d 1011, 1017 (8th Cir. 2010). "However, the Commissioner may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough medical evidence." *Fentress v. Berryhill*, 854 F.3d 1016, 1020 (8th Cir. 2017) (internal quotation marks and citation omitted). [2]

Here, the ALJ provided detailed, sufficient reasons for discounting Dr. deGrange's opinion. For example, some of Dr. deGrange's opinions did not meet the durational requirements under the

---

[1] Dr. deGrange opined Plaintiff could not lift greater than 15 pounds, could not repetitively bend, stoop, twist at the waist and was limited to intermittent sitting, standing and walking.

[2] Plaintiff's claim for disability was filed prior to March 27, 2017, thus the ALJ evaluated medical opinion in accordance with the factors set forth at 20 C.F.R. §§404.1527and 416.927.

2

regulations to be assigned full weight, while other opinions were vague and unsupported. The ALJ may discount a treating physician's opinion where (1) a non-examining opinion is supported by superior medical evidence or (2) if the treating physician offered an opinion inconsistent with the treating physician's own treatment notes.  *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001); s*ee also Chesser v. Berryhill*, 858 F.3d 1161, 1164–65 (8th Cir. 2017) (the Commissioner may also assign "little weight" to a treating physician's opinion when it is either internally inconsistent or conclusory).

Accordingly, the Court finds that substantial evidence supports the ALJ's decision to discount the weight given to Dr deGrange.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.  **IT IS THEREFORE ORDERED** that the decision of the ALJ is **AFFIRMED**.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED:  August 25, 2020